

# In the

# Court of Criminal Appeals of Texas

## No. PD-1059-24

### MICHAEL TUCKER, Appellant

### v.

### THE STATE OF TEXAS

**On State's Petition for Discretionary Review
From the Third Court of Appeals
Travis County**

**YEARY, J., filed a dissenting opinion.**

I have two problems with the Court's opinion that prevent me from joining it.

First, I disagree that we can avoid deciding "whether the

notation [of the complete statute the defendant has been convicted of violating, including every applicable subsection] must be included [on the line provided for that information by the Office of Court Administration's form for] the judgment of conviction[]." Majority Opinion at 3. The trial court's judgment in this case reflects, in the field provided for what it calls "Statute for Offense[,]" that Appellant committed an offense under Section 22.021(a)(2)(B), but no reference is made there to Subsection (f)(1), at least not on that line.

Subsection (f)(1), at the time this offense was committed, provided that the minimum term of confinement for an offense committed under Section 22.021 would be increased to "25 years if" the victim was "under six years of age at the time the offense [was] committed[.]" *See* former TEX. PENAL CODE § 22.021(f)(1) (amended by Acts 2025, 89th Leg., ch. 557 (H.B. 1422), § 21, eff. Sept. 1, 2025). And, indeed, the *third page* of the trial court's judgment in this case affirmatively reflected, underneath a heading described as "Execution of Sentence[,]" that the trial court made a special finding that, at the time of the offense, the child victim was under six years old. So, it is not as though the judgment in this cause wholly failed to reflect a finding on the age of the victim.

Our recent decision in *Gutierrez v. State*, 710 S.W.3d 804 (Tex. Crim. App. 2025), complicates matters somewhat because, there, this Court decided that Subsection (f)(1) "operates more as an element of a

super aggravated offense, rather than a [mere] punishment issue." 710 S.W.3d at 809.[1] And Article 42.01, Sec. 1(13) demands that a judgment "shall reflect" . . . "[t]he offense for which the defendant was convicted[.]" TEX. CODE CRIM. PROC. art. 42.01, §1(13). So, at least arguably, because this Court has said that Subsection (f)(1) "operates more as an element of a super aggravated offense," it should have been included on the line of the judgment announcing the "Statute for Offense[.]" But the Court now seems to say we can simply avoid resolving that issue because "[t]he parties now agree" how that issue should be resolved, at least in this case. Majority Opinion at 3. But that is, in my view, manifestly not so.

Decisions made by courts are an exercise of the judicial power. Judges exercise the judicial power; the parties to litigation do not. This Court has said before that we "must still independently examine [an] error confessed because our judgments are precedents, and the proper administration of the criminal law cannot be left merely to the stipulation of parties." *Estrada v. State*, 313 S.W.3d 274, 286 (Tex. Crim. App. 2010) (internal quotation marks and citation to authority omitted).

Second, I cannot join the Court's ultimate disposition of the case. I do not understand the point of remanding this cause to the *trial court*

---

[1] I joined most of the Court's opinion in *Gutierrez*, but I did not join that part of the Court's opinion that contained this quote.

to modify the judgment of conviction. It seems to me this is the least preferable of three alternative dispositions. First, in light of this Court's opinion in *Gutierrez v. State*, 710 S.W.3d 804 (Tex. Crim. App. 2025), we could, after pointing out that the part of the court of appeals' opinion that suggests that Subsection 22.021(f)(1) is *not* an element of the offense but a punishment issue, simply summarily remand the cause to the court of appeals for further consideration of the issue the Court itself avoids today. That would be my preferred disposition.

Alternatively, since this Court seems to regard the parties' agreement as dispositive, the Court could simply modify the judgment on its own, under Rule 78.1(b) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 78.1(b) ("The Court of Criminal Appeals may . . . modify the lower court's judgment and affirm it as modified[.]"). But the Court does not choose that option. Instead, the Court chooses what to my mind is the least desirable alternative by remanding the cause to the trial court to make a modification that we could make ourselves. I am concerned that this third option runs an unacceptable risk of potentially reigniting the appeal itself.

For these reasons, I respectfully dissent.

**FILED:**                                                February 12, 2026
**PUBLISH**